```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                         DIVISION OF ST. CROIX

LPP MORTGAGE LTD.                  :       CIVIL ACTION
                                   :
          v.                       :
                                   :
BRAMMER CHASEN & O'CONNELL,        :
et al.                             :       NO. 03-100
```

MEMORANDUM

Bartle, C.J.                                              May 5, 2008

        Plaintiff LPP Mortgage Ltd. has sued the following defendants:  Brammer, Chasen & O'Connell; Ava-Gail Jagroop Bourdon as the personal representative of the Estate of Leonard Chasen (the "Chasen Estate"); Pablo O'Neill; John J. Deluca;[1] Michael Neely; Walter G. Brunner; and Karen Chasen in her capacity as Trustee of the Leonard Chasen Family Trust (the "Chasen Trust").[2]  Plaintiff seeks judgment for amounts due on a loan and a judgment of foreclosure against the properties securing the loan.  Before the court is the renewed motion of plaintiff for default judgment under Rule 55 of the Federal Rules of Civil Procedure against Brammer, Chasen & O'Connell, Michael Neely, the Chasen Estate, and the Chasen Trust and summary

---

1. Plaintiff voluntarily dismissed defendant, John J. Deluca, from this action on November 19, 2003.  (Doc. #26).

2. Several crossclaims and third-party complaints have also been filed.  However, we do not need to delve into those pleadings because the motion presently before us only pertains to the original complaint.

judgment under Rule 56 of the Federal Rules of Civil Procedure as to the remaining defendants.

Plaintiff's motion has already been decided in part. The Clerk of Court docketed entries of default against defendants Michael Neely, the Chasen Estate, the Chasen Trust, and Brammer, Chasen & O'Connell.  (Doc. #48, Doc. #62).  While Magistrate Judge George Cannon set aside the entries of default against the Chasen Estate, the Chasen Trust, and Michael Neely, the Clerk of Court subsequently entered a default against the Chasen Estate. (Doc. #88, Doc. #111, Doc. #148).  On November 5, 2007, our predecessor in this case, Chief Judge Curtis V. Gómez, denied the "renewed" motion for default judgments against Michael Neely and the Chasen Trust but did not decide the motion for default judgment as it pertains to Brammer, Chasen & O'Connell and the Chasen Estate.

We will first consider the motion of LPP for default judgment under Rule 55 of the Federal Rules of Civil Procedure. In his order deciding the motion in part, Chief Judge Gómez outlined the two-step process that is required under the Federal Rules to obtain a default judgment.  In short, the party seeking a default judgment must first obtain an entry of default by showing through an affidavit or otherwise that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Only after an entry of default is obtained may the party then seek a default judgment.  <u>See</u> Fed. R. Civ. P. 55(b).  LPP has obtained entries

-2-

of default against Brammer, Chasen & O'Connell and the Chasen Estate. We will therefore grant the unopposed motion of LPP for default judgments against those two defendants.

Chief Judge Gómez denied the motion of LPP for default judgments against Neely and the Chasen Trust because the prior entries of default against them had been set aside. Although the motion of LPP for default judgments against Michael Neely and the Chasen Trust has been denied, the motion of LPP is also for "summary judgment against the remaining defendants."

We now turn to plaintiff's motion for summary judgment against the remaining defendants, Neely, the Chasen Trust, Pablo O'Neill and Walter G. Brunner under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff maintains that no genuine issue of material facts exists and that it is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

On December 22, 1995, as part of a loan agreement, defendants, Brammer, Chasen & O'Connell, by and through its general partners, Leonard Chasen, Pablo O'Neill, John J. Deluca and Michael Neely, executed a promissory note with the Small Business Administration ("SBA") in the amount of $150,100. The interest rate on the loan was 4% per annum. The promissory note was modified on March 1, 1996 to increase the principal amount of the note to $175,100. As security for the loan, Leonard Chasen and Walter J. Brunner executed and delivered to the SBA a mortgage in the amount of $175,100 encumbering the remainder of

Plot 7 and Plot 7-C of Estate Morningstar, Queen Quarter, St. Croix, U.S. Virgin Islands, and Plot 7-A, Estate Morningstar, Queen Quarter, St. Croix, U.S. Virgin Islands.  The SBA subsequently assigned all of its rights under the loan to plaintiff.  The defendants are now in default.  The outstanding principal on the loan as of June 5, 2003 was $157,432.36 plus $23,724.40 in interest.  Since that date additional interest has accrued at the rate of $17.25 per day.

     Plaintiff filed its motion for summary judgment on September 16, 2005.  Defendant, Pablo O'Neill, filed an opposition to plaintiff's motion for summary judgment, together with a motion for relief under Rule 56(f) on September 19, 2005.  Rule 56(f) states:  "If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken ...."[3]  Defendants Brunner, the Chasen Trust, and Neely have not filed responses in opposition to plaintiff's motion for summary judgment.

     On October 14, 2005 Judge Finch granted the motion of O'Neill for relief under Rule 56(f).  The order stated: "Defendants have until twenty days after the completion of discovery to respond to Plaintiff's Renewed Motion for Default

---

3. O'Neill's attorney, Lee Rohn, properly filed an affidavit in support of her client's motion under Rule 56(f).

-4-

Judgment and Summary Judgment ...."  (Doc. #133).  However, four days later, on October 18, 2005, Judge Finch entered another order vacating all orders entered by him since July 2, 2004, including the October 14, 2005 order granting O'Neill's motion under Rule 56(f).  (Doc. #136).  Thereafter, Magistrate Judge Cannon entered several scheduling orders in this case setting discovery deadlines.  The fourth revised scheduling order required that "[a]ll factual discovery, including written discovery and fact witness depositions will be completed by March 31, 2007."  (Doc. #169).  Thereafter, O'Neill did move for an extension of time but only to complete discovery between and among the defendants and third-party defendants.  (Doc. #256).  This court granted that motion with the limited additional discovery to conclude on June 30, 2008.

      O'Neill, who is the only defendant to oppose the plaintiff's motion for summary judgment, argues that he should be granted additional time to conduct discovery under Rule 56(f) concerning whether the SBA breached its duty of good faith and fair dealing to him.  Specifically, O'Neill wants the opportunity to learn if the SBA publicly advertised the sale of the loan in question and to explore the SBA's and the defendant's "reasonable expectations, motive, [sic] and intent [sic]" when entering into the loan agreement.  (Resp. at 7).  With additional discovery O'Neill maintains he will be able "to fully investigate the facts and prepare a meaningful defense to LPP's claims."  (Resp. at 9).

Thus, he argues that LPP is not entitled to summary judgment at this time.

A continuance under Rule 56(f) is inappropriate under the present circumstances. LPP filed the original complaint on June 12, 2003, almost five years ago. All discovery vis-a-vis plaintiff concluded by court order on March 31, 2007. O'Neill was given more than sufficient time to obtain whatever discovery he deemed necessary. Further delay in this protracted litigation cannot be countenanced.

Turning to the merits of LPP's motion for summary judgment, no genuine issue of material fact exists. None of the defendants has challenged the amount due under the loan and none has come forward with facts to support any defense to LPP's motion for summary judgment. It is abundantly clear that defendants are in default on their loan obligations. Accordingly, the court will enter summary judgment in favor of plaintiff LPP and against defendants Brunner, the Chasen Trust, Neely, and O'Neill.

BY THE COURT:

/s/ Harvey Bartle III
HARVEY BARTLE III          C.J.
SITTING BY DESIGNATION