```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. CROIX


LPP MORTGAGE, LTD.              :        CIVIL ACTION
                                :
         v.                     :
                                :
BRAMMER, CHASEN & O'CONNELL,    :
et al.                          :        NO. 2003-100
```

MEMORANDUM

Bartle, C.J.                                          December 16, 2008

       Plaintiff LPP Mortgage, Ltd. ("LPP Mortgage") brought this action against the defendants seeking judgment for amounts due on a loan and a judgment of foreclosure against the properties securing the loan.  We granted the motion of LPP Mortgage for default judgment against some defendants and summary judgment against other defendants.  We entered judgment of foreclosure against all defendants in favor of LPP Mortgage.  The only claims remaining in this matter pertain to cross-claims and third-party complaints filed by various defendants.

       Presently before the court is the motion of defendant Walter Brunner ("Brunner") for summary judgment on his cross-claim for breach of contract against defendant Pablo O'Neill ("O'Neill").[1]  Brunner seeks judgment against O'Neill in the

---

1. Although Brunner's cross-claim was also brought against defendants Leonard Chasen ("Chasen"), John DeLuca ("DeLuca") and Michael Neely ("Neely"), the pending motion for summary judgment

amount of $120,000 plus interest, costs and fees, as well as foreclosure against O'Neill's personal residence.

I.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

II.

For purposes of the pending motion for summary judgment, the following facts are undisputed.

In 1996, Brunner used the firm of Brammer, Chasen & O'Connell ("BC&O") as his accountants. While he was a BC&O client, he jointly purchased two parcels of real property (the "Property") with Chasen, a partner at BC&O. Brunner and Chasen each owned an equal interest in the Property. In early 1996, BC&O sought a loan from the Small Business Administration ("SBA"). Brunner agreed the jointly-held Property could be used

---

was filed only against defendant O'Neill.

as collateral for such a loan.  Brunner entered into an agreement (the "Agreement") with Chasen, DeLuca, Neely, O'Neill (collectively the "Partners") and BC&O to protect Brunner's interest in the property in the event that there was a default on the SBA loan.  The Agreement, dated March 1, 1996, was signed by Brunner, Chasen on behalf of BC&O, the Partners, and the Partners' wives, Karen Chasen, Nieves O'Neill, Cathy DeLuca, and Jeneane Neely.  The Agreement made reference to the personal residential properties ("Residence Properties") owned by each of the Partners and their wives.

> The pertinent portions of the Agreement provide:
>
> 1.  The partners, jointly and severally, agree to pay to Brunner the Foreclosure Amount, which shall be payable upon the occurrence of an Event of Default.  The Foreclosure Amount shall be determined as follows:
>
>> (a) If an event of default occurs on or before August 15, 1996, the Foreclosure Amount shall be equal to Seventy-Five Thousand Dollars ($75,000.00);
>>
>> (b) If an event of default occurs subsequent to August 15, 1996, the Foreclosure Amount shall be equal to One Hundred Twenty Thousand Dollars ($120,000.00).
>
> 2.  An Event of Default shall be any of the following:
>
>> (a) A default in payment of any sum owing by BC&O to the SBA;
>>
>> (b) If the SBA or its

-3-

>successor in interest files in a court of appropriate jurisdiction a foreclosure action, foreclosing its mortgage on the Property;
>
>(c) In the event any one or more than one of the St. Croix partners (Chasen, O'Neill and DeLuca) shall file a petition in bankruptcy, or in the event of an involuntary bankruptcy proceeding shall be instituted against one or more of the St. Croix partners;
>
>(d) The placement of any encumbrance or mortgage of any kind on the Residence Properties [between March 1, 1996 and August 16, 1996].
>
>...
>
>4. The Partners agree that from [March 1, 1996] through August 16, 1996, they will not allow any further mortgage or encumbrance of any kind on the Residence Properties. In the event that the SBA mortgage on the Property has not been released by August 15, 1996, then in such event the Partners agree that each shall execute a mortgage in the amount of One Hundred Twenty Thousand Dollars ($120,000.00) on their individual Partner Residences to secure the obligations owed by the Partners as expressed in this Agreement. ...

Brunner alleges that Paragraphs 1 and 4 of the Agreement have been breached, and he seeks judgment as to those claims against O'Neill.

### III.

O'Neill asserts that summary judgment may not be entered in favor of Brunner because he has waived his right to

recover for any breach of contract through a prolonged period of inaction.  Alternatively, O'Neill maintains that Brunner's claims are untimely under the applicable statute of limitations.  Both of these arguments are based on O'Neill's contention that any cause of action Brunner had under the Agreement would have accrued on August 16, 1996, the date that the Partners' obligations to execute mortgages on their personal Residence Properties was first triggered.

We agree with O'Neill to the extent that Brunner's claim is based on a breach of the Partners' obligations to execute mortgages on their personal residences under Paragraph 4 of the Agreement.  It is undisputed that the SBA mortgage on the Property was not released by August 15, 1996 and that the obligation of the Partners to execute mortgages on the Residence Properties was therefore triggered.  It is further undisputed that none of the partners executed such a mortgage.  Brunner does not suggest that he was unaware of the breach when it occurred.  Thus, his cause of action with respect to this breach of contract claim under Paragraph 4 of the Agreement accrued on August 16, 1996, the first day the Partners were in breach of this paragraph of the Agreement.

Under Virgin Islands law, the statute of limitations on a claim for breach of contract is six years.  V.I. Code Ann. tit. 5, § 31(3)(A).  Brunner filed his cross-claim against O'Neill on

February 24, 2004, well beyond the six year limitations period. His claim under Paragraph 4 of the Agreement is untimely, and his motion for summary judgment will be denied to the extent that it is based on O'Neill's breach of his promise to execute a mortgage on his personal property.

O'Neill assumes without explanation that Brunner may not recover for breach of any other provision in the contract because he is time-barred from enforcing Paragraph 4 of the Agreement. We disagree. The portions of the Agreement at issue in this case clearly contain two different promises made by the Partners, each conditioned on a different event or events. The fact that Brunner was untimely in seeking to enforce the promise made in Paragraph 4 of the Agreement does not preclude him from bringing suit under Paragraph 1 of that contract. See 13 Richard A. Lord, Willison on Contracts §§ 63:12-13.

Brunner seeks to enforce the promise made by the Partners in Paragraph 1, which provides that the Partners will pay Brunner $120,000 if one of the "Events of Default" enumerated in Paragraph 2 occurred subsequent to August 15, 1996. O'Neill admits that such an "Event of Default" occurred on June 12, 2003 when LPP Mortgage, the successor in interest to the SBA, filed the present action for debt and foreclosure of mortgage against

BC&O.[2]  Moreover, O'Neill admits that Brunner was never paid the "Foreclosure Amount" to which he was entitled by the Agreement.[3] Under these undisputed facts, Brunner is clearly entitled to judgment in his favor law for this breach of the Agreement. Restatement (Second) of Contracts § 235; <u>Stallworth Timber Co. v. Triad Bldg. Supply</u>, 968 F. Supp. 279, 282 (D.V.I. App. Div. 1997).

IV.

The motion of Brunner for summary judgment will be granted in part and denied in part.  It will be granted on his claim for breach of Paragraph 1 of the Agreement and denied on his claim for breach of Paragraph 4 of the Agreement.  Judgment will be entered in favor of Brunner and against O'Neill in the amount of $120,000 plus interest from June 13, 2003 at the rate of 4% per annum.  V.I. Code Ann. tit. 5, § 426(a).

---

2. We note that O'Neill does not contend that any other "Event of Default" enumerated under Paragraph 2 of the Agreement occurred prior to June 12, 2003.

3. O'Neill does attempt to dispute the amount owed under the Agreement, arguing that it is unclear whether the "Foreclosure Amount" should be $120,000 or $60,000.  Under Virgin Islands law, "when the words [in a contract] are clear and unambiguous the intent is to be discovered only from the express language of the agreement." <u>Sunshine Shopping Ctr., Inc. v. Kmart Corp.</u>, 85 F. Supp. 2d 537, 540 (D.V.I. 2000).  Here, there can be no question that under the Agreement the "Foreclosure Amount shall be equal to One Hundred Twenty Thousand Dollars ($120,000.00)."  Agreement ¶ 1(b).