```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

LPP MORTGAGE, LTD.              :        CIVIL ACTION
                                :
          v.                    :
                                :
BRAMMER, CHASEN & O'CONNELL,    :
et al.                          :        NO. 2003-100
```

MEMORANDUM

Bartle, C.J.                                     December 17, 2008

        Plaintiff LPP Mortgage, Ltd. ("LPP Mortgage") brought this action against the defendants seeking a judgment for amounts due on a loan and a judgment of foreclosure against the properties securing the loan.  We granted the motion of LPP Mortgage for default judgment against some defendants and summary judgment against other defendants.  We entered judgment of foreclosure against all defendants in favor of LPP Mortgage.  The only claims remaining in this matter pertain to cross-claims and third-party complaints filed by various defendants.

        Before the court are the motions of defendant Walter Brunner ("Brunner") for summary judgment on his Third-Party Complaint for breach of contract against third-party defendants, Karen Chasen ("Chasen"), Cathy DeLuca ("DeLuca"), Jeneane Neely ("Neely"), and Nieves O'Neill ("O'Neill") (collectively the

"Third-Party Defendants").[1]  Brunner seeks judgment jointly and severally against the Third-Party Defendants in the amount of $120,000 plus interest, costs and fees.[2]  Chasen and DeLuca have filed responsive briefs in opposition while Neely and O'Neill have not.[3]

I.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

---

1. Though Brunner's memoranda in support of his motions for summary judgment state that the Third-Party Defendants breached a covenant of good faith and fair dealing, no such cause of action was included in the Third-Party Complaint, and we will not consider it.

2. Brunner's Third-Party Complaint also sought foreclosure on the personal residences of the Third-Party Defendants.  His present motions for summary judgment do not request this form of relief.

3. On December 17, 2008 O'Neill belatedly joined the motion of DeLuca in opposition to summary judgment.  Pursuant to this court's scheduling Order of February 15, 2008, all responsive briefs were to be filed and served on or before August 6, 2008.

Even if a party fails to respond to a motion for summary judgment, the court should not grant the motion as uncontested, but instead must consider whether the moving party has met its burden under Rule 56. <u>Anchorage Assoc. v. V.I. Bd. of Tax Review</u>, 922 F.2d 168, 178 (3d Cir. 1990).

II.

For purposes of the pending motions for summary judgment, the following facts are undisputed.

In 1996, Brunner and Leonard Chasen, Karen Chasen's husband, jointly purchased two parcels of real property. At the time, Leonard Chasen was a partner at the accounting firm of Brammer, Chasen & O'Connell ("BC&O"). In early 1996, BC&O sought a loan from the Small Business Administration ("SBA") using the jointly-held property as collateral. To protect Brunner's interest in that property in the event that there was a default on the SBA loan, Brunner entered into an agreement (the "Agreement") with BC&O and its partners, Leonard Chasen, John DeLuca, Michael Neely and Pablo O'Neill (collectively the "Partners"). The Agreement, dated March 1, 1996, was also signed by each of the Partners' wives, the present Third-Party Defendants Chasen, O'Neill, DeLuca, and Neely.

The Agreement provided that if one of four enumerated "Events of Default" occurred, the Partners would be jointly and severally liable to pay Brunner a specified "Foreclosure Amount."

It is undisputed that an "Event of Default" occurred on June 12, 2003 and that as a result, Brunner is owed $120,000 under the contract.

The Agreement further provided for a mortgage on the personal residences ("Residence Properties") owned by each of the Partners and their wives as a means to secure the obligation to Brunner. Specifically, the Agreement states:

> 4. The Partners agree that from [March 1, 1996] through August 16, 1996, they will not allow any further mortgage or encumbrance of any kind on the Residence Properties. In the event that the SBA mortgage on the Property has not been released by August 15, 1996, then in such event the Partners agree that each shall execute a mortgage in the amount of One Hundred Twenty Thousand Dollars ($120,000.00) on their individual Partner Residences to secure the obligations owed by the Partners as expressed in this Agreement.
> ...
> By their signatures below, Karen Chasen, Nieves O'Neill, Kathy [sic] DeLuca and Jeneane Neely agree to execute the mortgages described in this section. Karen Chasen, Nieves O'Neill, Kathy [sic] DeLuca and Jeneane Nelly further agree that in the event of the death of their respective husbands, they shall immediately execute the mortgage as provided for herein, regardless of the date.

The final provision in the Agreement adds:

> 8. By their signatures below, the respective parties acknowledge that this document shall be self-effectuating and shall constitute a promissory note in the event that any of the obligations set forth herein come due.

Brunner alleges that the Third-Party Defendants breached their obligations as set forth in Paragraph 4 of the Agreement. He additionally alleges that under the terms of Paragraph 8 the Third-Party Defendants became endorsers of a promissory note, and are thus liable for the $120,000 owed to Brunner under the Agreement.

III.

We first address Brunner's argument that the Third-Party Defendants breached their promise in Paragraph 4 of the Agreement "to execute the mortgages [that the Partners agreed to execute on their marital Residence Properties]." Clearly, the obligation of the Third-Party Defendants is closely tied to that the Partners. Under the Agreement, therefore, the obligation of Third-Party Defendants to execute a mortgage on their respective Residence Properties was triggered at the same time as was the obligation of their husbands to do so. We have already determined that that date is August 16, 1996. See LPP Mortgage Ltd. v. Brammer, Chasen & O'Connell, No. 2003-100, slip op. at 5 (D.V.I. Dec. 16, 2008). Under Virgin Islands law, the statute of limitations on a claim for breach of contract is six years. V.I. Code Ann. tit. 5, § 31(3)(A). Brunner filed the Third-Party Complaint on March 12, 2004, well beyond the six year limitations period. To the extent that his claim for damages is based on a breach of the above obligation in Paragraph 4 by the Third-Party

Defendants, it is untimely.

Brunner additionally contends that Chasen has breached her contractual promise in Paragraph 4 that "in the event of the death of their respective husbands, [the Third-Party Defendants] shall immediately execute the mortgage provided for herein, regardless of the date."  It is undisputed that Chasen's husband, Leonard Chasen, died on July 31, 2000.  It is further undisputed that Chasen did not execute a mortgage against her residence in favor of Brunner at that time, or any other.  Chasen herself admits that she "failed to perform her pledge of the marital residence ... as collateral for the Partners' debt to Brunner.  She is liable for that breach ...." Def. Chasen's Mem. in Opp'n to Brunner's Mot. for Summ. J. at 11.  Given the admitted breach, the court must determine Brunner's measure of damages.

> Under Virgin Islands law,
>
> Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed.

Restatement (Second) of Contracts § 347 cmt. (a).  Here, Chasen has provided the court with evidence that the net equity in the Chasen marital residence described in the Agreement was $15,921.40.  It is undisputed that if Chasen had executed a mortgage on that property in favor of Brunner, he would have

received $15,921.40, regardless of the face value of the mortgage.  We will therefore enter judgment in that amount in favor of Brunner and against Chasen.

We next must determine whether under the Agreement the Third-Party Defendants are also liable for the $120,000 owed to Brunner.  Here, there is no dispute that the Agreement is an integrated writing, that is, a "complete and exclusive statement of the terms of the agreement."  Restatement (Second) of Contracts § 210(1).  The of interpretation of an integrated agreement is a question of law.  Id. at § 212(2).  "Any determination as to meaning should be made in light of the relevant evidence, but after the transaction has been examined in its entirety, the words of an integrated agreement are the most important evidence of intention."  Tamarind Resort Assocs. v. Gov't of Virgin Islands, 138 F.3d 107, 110 (3d Cir. 1998) (citing Restatement (Second) of Contracts § 212, cmt. b).  In particular, "[i]t is axiomatic that where the language of a contract is clear and unambiguous, it must be given its plain meaning."  Id. at 110 (citing Restatement (Second) of Contracts § 202(3)(a)).

Here, the Agreement is quite clear about which obligations were assumed by which signatories.  The Partners' obligations included paying Brunner $120,000 in the event of a default, and executing mortgages on their Residential Properties in the sum of $120,000.  The Partners' wives, Third-Party

Defendants Chasen, DeLuca, Neely and O'Neill, promised only to allow the mortgages on their marital Residence Properties to secure the Partners' debt obligations under the Agreement. Read in context, Paragraph 8 of the Agreement cannot be read to graft personal liability for the $120,000 onto the sole promise Third-Party Defendants made in the Agreement.

## IV.

In sum, the motions of Brunner for summary judgment will be denied against Third-Party Defendants Cathy DeLuca, Jeneane Neely and Nieves O'Neill. The motion of Brunner for summary judgment against Third-Party Defendant Karen Chasen will be granted in part and denied in part. It will be granted as to Third-Party Defendant Karen Chasen regarding Brunner's contention that she breached the Agreement by failing to execute a mortgage on her Residence Property upon the death of her husband, Leonard Chasen. Judgment will be entered in favor of Brunner and against Chasen in the amount of $15,921.40 plus interest from June 13, 2003 at the rate of 4% per annum. V.I. Code Ann. tit. 5, § 426(a). The motion of Brunner for summary judgment against Chasen will otherwise be denied.