```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                        DIVISION OF ST. CROIX

LPP MORTGAGE, LTD.              :       CIVIL ACTION
                                :
          v.                    :
                                :
BRAMMER, CHASEN & O'CONNELL,    :
et al.                          :       NO. 2003-100
```

MEMORANDUM

Bartle, C.J.                                            December 30, 2008

Before the court is the motion of plaintiff LPP Mortgage, Ltd. ("LPP") for award of costs and attorney's fees against all remaining defendants[1] in the amount of $47,421.59 pursuant to: Rule 54 of the Federal Rules of Civil Procedure; V.I. Code Ann. tit. 5, § 541; 28 U.S.C. § 1920[2]; and contractual obligations under a mortgage and a promissory note.  LPP was the prevailing party in the underlying action in this matter, which was concluded on June 4, 2008 when this court entered judgment in favor of LPP.

---

1. LPP sued the following defendants:  Brammer, Chasen & O'Connell ("BC&O"); Ava-Gail Jagroop Bourdon as the personal representative of the Estate of Leonard Chasen ("Chasen Estate"); Pablo O'Neill ("O'Neill"); John DeLuca ("DeLuca"); Michael Neely ("Neely"); Walter Brunner ("Brunner"); and Karen Chasen in her capacity as Trustee of the Leonard Chasen Family Trust ("Chasen Trust").  LPP voluntarily dismissed DeLuca on November 19, 2003, approximately five months after it initiated this lawsuit.  (Doc. No. 26).

2. Title 28 U.S.C. § 1920 does not provide for the provision of costs or attorney's fees against a defendant.  Instead, it permits a judge or clerk of court to tax certain enumerated costs.

In late 1995, Defendant BC&O, an accounting firm, and the firm's four partners, O'Neill, DeLuca, Neely and Leonard Chasen (collectively, "the Partners"), sought and obtained a loan from the Small Business Administration ("SBA") in the amount of $150,000.  The Partners later increased the principal of that loan to $175,000, and on March 6, 1996 signed a modification of their promissory note to reflect that change.  As collateral for the SBA loan, Chasen and Brunner, a BC&O client, executed a mortgage in favor of LPP on two parcels of real property they owned jointly.  A separate agreement was entered into between Brunner and the Partners, which protected Brunner's interest in the jointly-held properties if BC&O defaulted on its loan obligation.  Plaintiff LPP is the successor in interest of SBA on the loan and sought judgment for amounts due on the loan and a judgment of foreclosure against the properties securing the loan.

On May 5, 2008, we granted default judgment in favor of LPP and against BC&O and the Chasen Estate, and summary judgment in favor of LPP and against O'Neill, Neely, Brunner and the Chasen Trust.  In a corrected judgment entered June 4, 2008, we entered Judgment for Debt in favor of LPP and against the Chasen Estate, O'Neill and Neely in the amount of $181,156.76, plus interest.  In the same order, we entered a Judgment of Foreclosure of Mortgage in satisfaction of the Judgment for Debt, in favor of LPP and against all defendants.  Now LPP seeks costs and attorney's fees as the prevailing party in the litigation.

LPP seeks a total of $9,629.09 in costs and $37,792.50 in attorney's fees.  Rule 54 permits a court to award costs and, in some instances, attorney's fees to a prevailing party in civil litigation.  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000) (internal quotations and additional citations omitted).  The Virgin Islands Code further specifies particular costs which may be allowed in certain types of civil actions and gives the court discretion to award a prevailing party "a fair and reasonable portion of his attorney's fees ...."  Lucerne Inv. Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969).

In addition to relying on Rule 54 and the Virgin Islands Code, LPP asserts its entitlement to costs and attorney's fees under the terms of the promissory note signed by the Partners underlying the original loan from the SBA, and the mortgage executed by Chasen and Brunner as collateral for the SBA loan.  The promissory note states, in pertinent part:

> The undersigned shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date otherwise, including but not limited to, reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the indebtedness or the administration, supervision, preservation, protection of (including but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral.

The mortgage additionally provides:

> [The mortgagors] will pay such expenses and
> fees as may be incurred in the protection and
> maintenance of said property, including the
> fees of any attorney employed by the
> mortgagee for the collection of any or all of
> the indebtedness hereby secured, or for
> foreclosure by mortgagee's sale, or court
> proceedings, or in any other litigation or
> proceeding affecting said premises.
> Attorneys' fees reasonably incurred in any
> other way shall be paid by the mortgagor[s].

These instruments clearly create contractual obligations on those who signed them to pay the costs and attorney's fees incurred by the SBA or its successor in interest in obtaining the funds due to it under the promissory note or the mortgage. No defendant argues otherwise. We find that the amounts sought by LPP are reasonable and were reasonably incurred as a part of this litigation, which has now entered its sixth year.[3] Therefore, we will enter an award of $9,629.09 in costs and $37,792.50 in attorney's fees in favor of LPP.

Here, the promissory note was signed by Chasen, DeLuca, Neely and O'Neill. The mortgage was executed by Chasen and Brunner. DeLuca was voluntarily dismissed from this action by LPP on November 19, 2003, only five months after the lawsuit was first filed and well before any significant expense was incurred

---

3. LPP has provided the court with a detailed break-down of its costs and as well as a list of some 300 itemized notations of attorney services rendered, which attorney rendered them, the time spent performing the task and the cost billed. It also included an affidavit from Warren B. Cole, counsel for LPP, and a declaration from Robert Ackerman, an employee of the loan servicer for LPP, regarding LPP's additional costs in its effort to collect the indebtedness on the SBA loan.

by LPP. Under these circumstances, we will not include DeLuca as one of those responsible for reimbursing LPP its costs and fees in this litigation.

Brunner contends that he should likewise be excused from the payment of costs and attorney's fees on the grounds that: (1) he was a party only to the mortgage, not the promissory note; (2) he did not file an opposition to LPP's motion for summary judgment; and (3) he was never asked by LPP to enter into a stipulation regarding his rights to the jointly-held properties. Under the express terms of the mortgage, which Brunner admits to signing, he agreed to pay costs and attorney's fees incurred by the mortgagee in collecting the indebtedness on or foreclosing on the property. As that is exactly what LPP sought to do and was successful in doing in this litigation, we see no reason to excuse Brunner from his contractual obligation.

Finally O'Neill maintains that all costs and fees should be waived against him as a matter of equity as he is indigent.[4] In support of his argument, he cites to the decision of our Court of Appeals in In re Paoli, which held that "a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." 221 F.3d at 464. In that case, however, the court's

---

4. Confusingly, O'Neill additionally argues that costs should be jointly and severally imposed against all defendants, including himself.

holding was clearly based on the policy considerations underlying Rule 54.  Id.  That holding is therefore inapplicable in the present situation where the award of costs and attorney's fees is predicated on the contractual promises contained in the promissory note and mortgage, rather than on our discretion under Rule 54.

In sum, we will enter an award of costs in the amount of $9,629.09 and an award of attorney's fees in the amount of $47,421.59 in favor of plaintiff LPP and against defendants Brunner, Chasen Estate,[5] Nieves and O'Neill, who shall be jointly and severally liable as to that sum.

---

5.  We note that Chasen's interest in the matter is properly represented by the Chasen Estate, rather than the Chasen Trust.